UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WELLS FARGO CLEARING SERVICES, LLC, dba WELLS FARGO ADVISORS,<br><br>Plaintiff,<br>v.<br>JAMES F. FOSTER,<br><br>Defendant. | Case No. 3:18-cv-00032-MMD-VPC<br><br>ORDER |

## I. SUMMARY

This dispute involves supposed violations by Defendant James Foster of an employment agreement with Plaintiff Wells Fargo Clearing Services, LLC ("Wells Fargo"). Before the Court are three motions: (1) Wells Fargo's Ex Parte Application for Temporary Restraining Order ("First TRO Motion") (ECF No. 8); (2) Wells Fargo's Emergency[1] Motion for Temporary Restraining Order ("Second TRO Motion") (ECF No. 12); and (3) Defendant's Motion to Compel Arbitration and to Dismiss Action ("Motion to Compel") (ECF No. 17). The Court has reviewed the parties' respective responses and replies (ECF Nos. 18, 25, 28, 37.) Because the Court declined to consider the First TRO Motion on an

---

[1]The Court did not consider this motion on an emergency basis because Plaintiff failed to demonstrate how this situation constituted an emergency. For instance, Plaintiff sent a cease-and-desist letter to Defendant on December 7, 2017 (*see* ECF No. 12-1 at 12), yet waited until January 19, 2018, to file its First TRO Motion. Similarly, Plaintiff produced no evidence that Defendant continued to solicit its customers past December 19, 2017. *See* discussion *infra* Sec. III(C).

ex parte basis, Wells Fargo filed the Second TRO Motion. The Court therefore construes the First TRO Motion as moot and denies it as such.

For the reasons discussed herein, the Court denies the Second TRO Motion and the Motion to Compel. The Court further stays this action pending the result of arbitration proceedings currently underway before the Financial Industry Regulatory Authority ("FINRA").

**II.    BACKGROUND**

Defendant accepted an offer of employment as a financial advisor with Wells Fargo on September 7, 2011. (ECF No. 12 at 5.) At that time, Defendant executed an agreement with Plaintiff entitled "Wells Fargo Agreement Regarding Trade Secrets, Confidential Information, Non-Solicitation, and Assignment of Inventions" ("the Agreement"). (*Id.* (citing to ECF No. 12-1 at 7-10).) Defendant left Wells Fargo in October 2017 to join a competitor, Edward Jones. Plaintiff alleges that before Defendant left his employment with Wells Fargo, Defendant solicited customers to move their accounts to Edward Jones "despite an explicit one year 'non-solicitation' provision" in the Agreement. (ECF No. 12 at 5.) Wells Fargo also claims that Defendant violated the Agreement by soliciting customers with its trade secret information after Defendant left his employment with Wells Fargo.

Plaintiff brings claims for breach of contract, breach of duty of loyalty, misappropriation of trade secrets under Nevada law, interference with prospective economic relations, intentional interference with contractual relations, and fraud, seeking compensatory damages, punitive damages, and injunctive relief. (*See* ECF No. 1 at 5-13.) Plaintiff also filed a Statement of Claim to commence arbitration against Defendant in FINRA Arbitration on January 18, 2018, one day before Plaintiff initiated this action. (ECF No. 12 at 8.)

**III. SECOND TRO MOTION (ECF No. 12)**

Plaintiff moves for a temporary restraining order ("TRO") on all of its claims, asking that this Court enjoin "Defendant from using any and all of Plaintiff's trade secrets and

confidential information, from refusing to return customer files,[2] and from soliciting Plaintiff's customers in violation of his agreement with Plaintiff."[3] (ECF No. 12 at 5.) The Court finds that Plaintiff has failed to meet its burden in establishing a likelihood of irreparable harm in the absence of temporary injunctive relief. The Court therefore does not address the remaining factors for a TRO.

**A. Interim Injunctive Relief under FINRA**

As a preliminary matter, Defendant contends that "Wells Fargo wasted [its one opportunity to obtain temporary injunctive relief under FINRA] by seeking a temporary restraining order on an ex parte basis." (ECF No. 37 at 2.) The Court disagrees and finds that Rule 13804 of FINRA permits the Court to consider the Second TRO Motion.

Rule 13804 under FINRA states that "[i]n industry or clearing disputes required to be submitted to arbitration under the Code, parties may seek a temporary injunctive order from a court of competent jurisdiction." Defendant argues that this provision permits only one motion for a TRO such that Plaintiff exhausted its ability to move for injunctive relief with its First TRO Motion. Rule 13804(a)(1). However, the Second TRO Motion merely changed the form of the motion—from an ex parte motion to an emergency motion—on the basis of this Court's minute order ("MO"). That MO did not deny the First TRO Motion or address the merits of it; rather, the Court indicated that it would not consider the motion on an ex parte basis. (ECF No. 10. [4])

The Court therefore finds it is consistent with Rule 13804 for the Court to consider the merits of the Second TRO Motion.

---

[2]Functionally, because an injunction requiring Defendant not to refuse to return customer files results in Defendant having to return those files, the Court construes this as a request for mandatory injunctive relief.

[3]Plaintiff did not file an application for preliminary injunction in conjunction with the Second TRO Motion, and Fed. R. Civ. P. 65(b)(2) makes clear that a court may only issue a TRO that lasts for no more than fourteen days. It is therefore unclear whether Plaintiff is also seeking a preliminary injunction in conjunction with the TRO.

[4]The Court did state that "[t]he proper recourse is to ask for emergency relief, not ex parte relief."

**B. Legal Standard for Temporary Restraining Order**

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders, and requires that a motion for a temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A) & (B).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001). Furthermore, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974).

A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

Relief that "orders a responsibly party to take action" is treated as a mandatory injunction. *Marlyn Nutraceuticals, Inc. v Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009). A mandatory injunction "goes well beyond simply maintaining the status quo *pendent lite* and is particularly disfavored." *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313,

1320 (9th Cir. 1993) (internal citations and alteration omitted). A "district court should deny [mandatory injunctive] relief unless the facts and law clearly favor the moving party." *Id.* (alteration added); *see also Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150, 1160 (9th Cir. 2011) (stating that mandatory injunctions should not issue in "doubtful cases").

### C. Irreparable Harm

Plaintiff contends that it is likely to suffer irreparable harm without preliminary injunctive relief because Defendant will continue to solicit Plaintiff's customers by utilizing its trade secrets. (ECF No. 12 at 15.) The Court disagrees.

In support of its contention that it is likely to suffer irreparable harm, Plaintiff points to one customer, Yoshinko Oswald, who Plaintiff contends was solicited by Defendant on December 19, 2017, with the use of Plaintiff's trade secret information—specifically information that Defendant acquired from Oswald while working at Wells Fargo. (ECF No. 12 at 15.) Yet this solitary example fails to demonstrate that Defendant continued to solicit Plaintiff's customers or use Wells Fargo's trade secrets past December 19, 2017, and up until January 22, 2018 (the date the Second TRO Motion was filed).

In light of Plaintiff's inability to demonstrate a likelihood of irreparable harm absent temporary injunctive relief, the Court denies the Second TRO Motion.

## IV. MOTION TO COMPEL (ECF No. 17)

Defendant asks this Court to compel both parties to arbitrate their disputes before FINRA and dismiss the Complaint. (ECF No. 17 at 2.) Plaintiff points out that because arbitration proceedings are underway the Motion to Compel is moot and also that this Court should stay this action, not dismiss the Complaint. (ECF No. 28 at 1-2.) The Court agrees with Plaintiff.

The Federal Arbitration Act provides that where an action is subject to arbitration, a court "shall on application of one of the parties stay the trial of the action until such arbitration has been had." 9 U.S.C. § 3. While neither party has applied for a motion to stay this action, the Court finds it is within its discretionary power to do so. *Landis v. N.*

*Am. Co.*, 299 U.S. 248, 254-55 (1936). The result of the arbitration proceeding before FINRA will likely narrow if not eliminate the issues before this Court. While Defendant contends that this "Court has discretion to dismiss the action because all claims before it are subject to arbitration" (ECF No. 37 at 3 (citing to *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999)), the parties have not briefed the scope of the arbitration provision in the Agreement or whether the arbitration proceeding before FINRA covers the same issues as in this case.

The Court therefore finds that a stay is warranted, and upon completion of arbitration the parties will be required to file a status report informing the Court of whether any claims remain.

**V. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the parties' motions.

It is therefore ordered that Wells Fargo's Ex Parte Application for Temporary Restraining Order (ECF No. 8) is denied as moot.

It is further ordered that Wells Fargo's Emergency Motion for Temporary Restraining Order (ECF No. 12) is denied.

It is further ordered that Defendant's Motion to Compel Arbitration and to Dismiss Action (ECF No. 17) is denied.

It is further ordered that this action is stayed in its entirety pending resolution of the separate arbitration proceeding before FINRA. Upon resolution of that proceeding, the parties must file a joint status report within seven (7) days informing this Court of the effect of the arbitration upon the claims in this case.

It is further ordered that the Clerk administratively close this case.

DATED THIS 11th day of April 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE